UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAL S. DUNMORE, Sr., | No. 2:22-cv-01274-TLN-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| J. LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he filed an application to proceed in forma pauperis (ECF No. 2).

### Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

The complaint names three defendants: Warden J. Lynch, Correctional Counselor J. Leech, and Correctional Officer G. Lee. It first alleges that on March 16, 2022, "defendants" knew plaintiff would be assaulted by other inmates. It claims that plaintiff was so assaulted on March 21, 2022. Based on these allegations, plaintiff attempts to assert a due process claim, an

equal protection claim, and an Eighth Amendment claim. Next, the complaint alleges that after filing a staff complaint, "defendants" told other inmates that plaintiff was trying to go to the special needs yard and did not approve plaintiff for the Men's Corrections Rehabilitation Program. From these allegations, the complaint suggests a potential First Amendment retaliation claim. However, the complaint does not allege how these actions harmed plaintiff.

With respect to all of his claims, plaintiff's complaint fails to include specific allegations linking individual defendants to a violation of his rights. For this reason, and as more fully discussed below, the complaint is dismissed with leave to amend for failure to state a claim upon which relief could be granted.

As noted, the complaint alleges that plaintiff's Fourteenth Amendment equal protection and due process rights were violated. The court cannot discern a basis for either claim. There is no basis for an equal protection claim because plaintiff does not allege that any defendant acted with an intent or purpose to discriminate against him because of his membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Further, plaintiff was not deprived of a property or liberty interest that is protected by the Due Process Clause. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

Further, plaintiff fails to sufficiently allege that any defendant violated his Eighth Amendment rights by failing to protect him from an assault. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (concluding that failure to protect claim must be measured under deliberate indifference standard). A showing of deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In any amended complaint, plaintiff must demonstrate that a specific and substantial risk of harm existed, for example, from inmates who attacked him. *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) ("speculative and generalized fears of harm at the hands of other prisoners do

not rise to a sufficiently substantial risk of serious harm"). He must also plead facts showing that defendant(s) knowingly disregarded those risk(s).

Finally, the complaint fails to state a First Amendment retaliation claim because it does not allege that any specific defendant took adverse action against plaintiff *because* plaintiff had engaged in conduct that is protected by the First Amendment. *See Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005). If plaintiff intends to pursue a retaliation claim in an amended complaint, he must allege facts showing that a defendant was aware of his First Amendment protected conduct (i.e., filing a staff complaint), and that the complaint was "the 'substantial' or 'motivating' factor" behind defendant's allegedly adverse actions. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Plaintiff must also allege how the defendants' actions harmed him.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

4

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: September 21, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE